■ In the Matter of the Estate of BERNARD BERNSTEIN, Deceased. JOAN K. BERNSTEIN, Appellant; GERSON J. BERNSTEIN et al., as Executors of BERNARD BERNSTEIN, Deceased, Respondents.— In a proceeding to judicially settle the account of the executors of a decedent's estate, the widow of one of the decedent's legatees appeals from an order of the Surrogate's Court, Queens County, dated January 2, 1963, which granted her motion to the extent of directing that, pursuant to section 263 of the Surrogate's Court Act, the executor-accountants shall submit to examination as to all matters relating to their administration of the estate. The appellant contends, *inter alia*, that the Surrogate erred in that the order, as signed by him, is inconsistent with the decision of the predecessor Surrogate, granting her motion to examine the executors pursuant to other statutes (Surrogate's Ct. Act, § 316; former Civ. Prac. Act, § 288). Order affirmed, without costs, and proceeding remitted to the Surrogate's Court, Queens County, for the entry of an order fixing the appropriate dates and place for the examination and fixing the date for the filing of objections to the account. No opinion. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of WILLIAM F. CODY, Deceased. VIOLET H. CODY, Appellant; HELEN McPHELIN, Respondent.— In a contested probate proceeding, the contestant, the testator's widow, appeals from a decree of the Surrogate's Court, Queens County, entered June 28, 1961 after trial, upon a jury's verdict directed by the court in proponent's favor on all the framed issues, which *inter alia* admitted the will to probate. The contestant, by her brief, has limited the issues on this appeal to testamentary capacity only; the proponent-executrix has not appeared. Decree reversed on the law and the facts, with costs to the contestant payable out of the estate; and new trial ordered limited to the issue of testator's testamentary capacity. Pursuant to statute (Surrogate's Ct. Act, § 309), this court directs the entry and recording of the jury's verdict upon such issues as have not been ordered retried. On this record, we believe that a question of fact was presented as to the issue of testamentary capacity. Hence, as to such issue the verdict should not have been directed by the court; that issue should have been submitted to the jury. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.